AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    4:15 CR 00349 RLW/DDN |
| ELVIS FLORIN TEACA | ) | |
| _Defendant_ | ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of  ☐ a federal offense  ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1)  There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

☐   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒   (1)      There is a serious risk that the defendant will not appear.

☒   (2)      There is a serious risk that the defendant will endanger the safety of another person or the community.

The information set out in the written report of the Pretrial Services Agency submitted to the court on July 13, 2015, is adopted here.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by      ☒   clear and

convincing evidence    ☐   a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of another person or the community, and by a preponderance of the evidence that defendant is a flight risk to the extent that no condition or combination of conditions will reasonably assure the defendant's appearance.  Defendant was initially charged by way of criminal complaint with one count of wire fraud and one count of aggravated identity theft.  Defendant and a co-defendant have since been charged by way of indictment with conspiracy to commit wire fraud and aggravated identity theft.  The government moved for detention and the undersigned held a hearing on that motion on July 14, 2015.  Defense counsel argued that defendant could continue to work and reside with his sister out of state.  Defense counsel noted that defendant is an U.S. citizen with no criminal history.  He asked for a secured bond in order to give the court some assurance that he will appear as ordered.  Counsel for the government argued that defendant is a flight risk because he has two passports, including one from Romania where his fiancee resides, and a history of frequent and extended travel to Romania.  The government stated that it has evidence of several names used by defendant, and (Continued on attached page 3).

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:              8/10/2015                                          /s/ Noelle C. Collins
                                                                         *Judge's Signature*

                                                           United States Magistrate Judge
                                                                         *Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**U.S.A. v. Elvis Florin Teaca**                                        **Page 3 of 3**
**4:15CR349 RLW/DDN**

evidence of wire transfers to Romania that indicate that defendant has access to currency and is directing it out of the country.  Law enforcement seized more than $16,000 in U.S. currency from the vehicle in which defendant traveled.  The Pretrial Report takes note of the fact that defendant is alleged to have traveled to Missouri and Kansas to facilitate the alleged crimes with the use of false information.   He has no residential, familial or financial ties to Missouri, nor does he work here or own property in this District.  The Pretrial Report also notes that defendant expressed a desire to return to Romania.  However, defense counsel explained at the hearing that this comment was taken out of context and defendant only made this reference in anticipation of the case being resolved first.

Based on the above, the undersigned finds that defendant should be detained.  Defendant poses a risk of flight, given the contradictory information about his residential address, access to a Romanian passport and strong family ties to Connecticut and abroad.  Defendant also has access to financial resources abroad.  He is alleged to have used aliases in the past and provided false information to authorities.  In addition, defendant poses a danger to the community in that he is alleged to have traveled to Missouri and Kansas to facilitate the instant offense, which involves the use of false financial information.