**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No.  4:15 CR 349 RLW - 1 |
| | ) | |
| **ELVIS FLORIN TEACA** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Elvis Teaca respectfully submits this brief sentencing memorandum to provide information relevant to the Court shaping a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment.  18 USC Section 3553(a) and *United States v. Booker*, 125 S.Ct. 738 (2005).  Specifically, the defendant asks the Court to adopt the ***guideline sentence*** jointly recommended by the parties to the plea agreement and confirmed in paragraph 68 of the Final Presentence Investigation Report (Doc. 81) ("PSR").  Recognizing his equal culpability to the co-defendant in this matter (PSR, at ¶ 21), and individual circumstances summarized below, the defendant respectfully requests that he receive a sentence at the lower end of the guidelines and a period of supervised release no greater than a year.

### *Individual Circumstances*

Elvis Teaca is a Romanian citizen who followed his older sister to this country, got a job, became a naturalized United States citizen and, until this incident, had no criminal history.  His fiancé lives in Romania with his child, who is nearly two.  They

1

have visited the defendant in Connecticut, but it is too difficult for them to immigrate, so the defendant wishes to return to Romania, and his family, as soon as he is able. The defendant has been living with his sister and brother-in-law, Alina and Xavier Gomez, in Danbury, Connecticut, where he intends to return during any period of supervised release. The Gomezes have been very successful but they also want to return to Romania. The family is very tight-knit and the father is ailing. The defendant and his family are asking that the period of Mr. Teaca's supervised release be relatively brief so that he can return with his sister to Romania while it is still timely.

Mr. Teaca has accepted responsibility for his conduct from the beginning. He acknowledges that he used false identities to send stolen monies overseas; monies that he knew or should have known were the product of fraud and deceit. He did this for a couple of weeks with the co-defendant, Mr. Constantin, and he recognizes that innocent people lost money. It is also apparent from the facts that Teaca and his co-defendant were pawns in a scheme orchestrated by other unidentified persons who "assisted in the planning and execution" of the offense. *See generally*, PSR, ¶21. This is not offered as an excuse for their conduct; only as a suggestion that two criminal neophytes found themselves caught up in something much bigger then them.

### *Parity and Release*

The co-defendant, Mr. Constantin, was recently sentenced to a term of 12 months incarceration and one-year supervised release. According to the Government, the co-defendants are equally culpable in this case and their individual circumstances are similar. PSR, at ¶ 21. For his part, the defendant has now spent over seven (7) months in the Jennings Jail. If the Court were to sentence the defendant to anything less than or

equal to 15 months incarceration, the defendant would already be eligible for release to a halfway house under Bureau of Prison ("BOP") guidelines. *See* 18 USC § 3634(b)(1) (85% rule governs any term over 12 months and one day. Fifteen (15) months X 85% = 12.75 months) *and* 18 USC § 3624(c) (BOP shall insure that inmate serve a period of not to exceed 12 months in a halfway house or in other conditions that would reasonably enable the inmates adjustment back into the community; 12.75 months – 7 months incarceration = less than six (6) months remaining for reentry under § 3624(c)).

For these reasons, the defendant respectfully requests that the Court sentence him to a term of confinement in parity with his co-defendant. In that he has already likely exceeded the term he would have been confined at the BOP, the defendant is also asking that he be released for self-surrender, pending notification by the BOP of his location for reentry (halfway house). The District of Connecticut has already performed a home visit at his sister's home, where the defendant would reside until redirected by the BOP. If necessary, he could report to pretrial services in that district pending notification by the BOP.

The defendant also respectfully requests that the Court not impose any period of supervise release longer than the one-year imposed for his co-defendant. As a practical matter, Mr. Constantin will serve no period of supervised release because he'll be deported shortly back to his home and family. As a naturalized United States citizen, Mr. Teaca will be restricted from his fiancé and child for the duration of any supervised release imposed by the Court. He understands that some duration of supervised release might be appropriate but, for the sake of seeing ailing family members before their gone, and a new child while still a toddler, the defendant asks that the Court limit that duration.

Counsel has filed *Letters of Support* contemporaneously with this Sentencing Memorandum for the Court's additional consideration.

Respectfully submitted,

/s/ Mark A. Hammer

Mark A. Hammer, #61542MO
The Hammer Law Firm, LLC
100 Chesterfield Business Pkwy, Ste 200
Chesterfield, MO 63005
314-651-9311

***CERTIFICATE OF SERVICE***

I certify that, on February 28, 2016, a copy of this document was electronically filed with the Clerk of Court by the CM-ECF system.

/s/ Mark A. Hammer